UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GREGORY MYERS,

                               Plaintiff,

   v.
                                                   9:19-CV-1233
R. SNEDEKER, Corrections Officer                             (LEK/ATB)
Marcy Correctional Facility, et al.,

                               Defendants.

---

GREGORY MYERS, Plaintiff, pro se
LAUREN R. EVERSLEY, Asst. Attorney General, for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, Senior United States District Judge. Presently before the court is a motion for summary judgment pursuant to Fed. R. Civ. P. 56. (Dkt. No. 23). Plaintiff has failed to respond to the motion, despite being given a sua sponte extension of time to do so. (Dkt. No. 26). For the following reasons, this court agrees with defendants and will recommend dismissal of the complaint without prejudice.

**I.**    **Summary Judgment**

Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006). "Only disputes over ["material"] facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). It must be apparent that no

rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994).

The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Salahuddin v. Goord*, 467 F.3d at 273. In that context, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the movant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Salahuddin*, 467 F.3d at 272.

**II.  Facts**

Plaintiff alleges that on July 2, 2019, he was escorted by defendant John Doe #1 to the Marcy Correctional Facility ("Marcy") gymnasium for a urine test. (Complaint "Compl." at ¶ 11). Plaintiff entered the bathroom, and defendant Correctional Officer ("CO") Snedeker provided plaintiff with instructions to complete the urine test. (Compl. ¶ 12). Plaintiff states that he complied with the instructions and handed the urine sample back to defendant Snedeker. (Compl. ¶ 13). Plaintiff claims that defendant Snedeker then assaulted plaintiff in the bathroom while defendant Doe #1 watched. (Compl. ¶¶ 13-14). When plaintiff was taken back to his unit, defendant CO John Doe

#2, refused plaintiff's request for immediate medical attention, despite plaintiff's obvious injuries and instead told plaintiff to sign up for sick-call the next day. (Compl. ¶ 15).

Plaintiff alleges that on July 3, 2019, he was treated by defendants Jane Doe #1 and Jane Doe #2, both of whom are nurses at Marcy. (Compl. ¶ 18). Defendants Jane Doe #1 and #2 both concluded that plaintiff had a ruptured ear drum. (*Id.*) Plaintiff was prescribed antibiotics but no pain medication, and was sent back to his dormitory. (*Id.*)

Plaintiff states that he was again treated for his injuries on July 5, 2019 by defendant Jane Doe #1 and defendant John Doe #3, a doctor at Marcy. (Compl. ¶ 19). Plaintiff claims that defendant John Doe #3 confirmed that plaintiff had a ruptured ear drum and told plaintiff he would need to be treated by a specialist. (*Id.*) On an unidentified date, defendant John Doe #3 referred plaintiff to a specialist but then "canceled" the referral when plaintiff was transferred to a different prison facility. (Comp. ¶ 26). Plaintiff alleges that, as of the date he signed his complaint, he had not seen a specialist. (Compl. ¶ 19). Plaintiff alleges excessive force against defendant Snedeker (Compl. ¶ 21), failure to intervene against defendant John Doe #1 (Compl. ¶ 22), and denial of constitutionally adequate medical care against the remaining John/Jane Doe defendants (Compl. ¶¶ 23-26).

IV. **Exhaustion of Administrative Remedies**

   A.   **Legal Standards**

The Prison Litigation Reform Act, ("PLRA"), 42 U.S.C. §1997e(a), requires an inmate to exhaust all available administrative remedies prior to bringing a federal civil rights action. The exhaustion requirement applies to all inmate suits about prison life,

3

whether they involve general circumstances or particular episodes, and regardless of the subject matter of the claim. *See Giano v. Goord*, 380 F.3d 670, 675-76 (2d Cir. 2004), abrogated on other grounds by *Ross v. Blake,* 380 F. 3d. 670 (2004) (citing *Porter v. Nussle,* 534 U.S. 516, 532 (2002)). Inmates must exhaust their administrative remedies even if they are seeking only money damages that are not available in prison administrative proceedings. *Id.* at 675.

The Supreme Court has held that in order to properly exhaust an inmate's administrative remedies, the inmate must complete the administrative review process in accordance with the applicable state rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). In *Woodford*, the Court held that "proper" exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a prerequisite to bringing suit in federal court. *Woodford,* 548 U.S. at 90-103.

The grievance procedure in New York is a three-tiered process. The inmate must first file a grievance with the Inmate Grievance Resolution Committee ("IGRC"). N.Y. Comp. Codes R. & Regs., tit. 7 §§ 701.5(a)(1) and (b). An adverse decision of the IGRC may be appealed to the Superintendent of the Facility. *Id*. § 701.5(c). Adverse decisions at the Superintendent's level may be appealed to the Central Office Review Committee ("CORC"). *Id*. § 701.5(d). The court also notes that the regulations governing the Inmate Grievance Program encourage the inmate to "resolve his/her complaints through the guidance and counseling unit, the program area directly affected, or other existing channels (informal or formal) prior to submitting a grievance." *Id.* § 701.3(a) (Inmate's Responsibility). There is also a special section for complaints of

harassment. *Id*. § 701.8. Complaints of harassment are handled by an expedited procedure which provides that such grievances are forwarded directly to the Superintendent of the facility, after which the inmate must appeal any negative determination to the CORC. *Id.* §§ 701.8(h) & (i), 701.5.

Until recently, the Second Circuit utilized a three-part inquiry to determine whether an inmate had properly exhausted his administrative remedies. *See Brownell v. Krom*, 446 F.3d 305, 311-12 (2d Cir. 2006) (citing *Hemphill v. State of New York*, 380 F.3d 680, 686 (2d Cir. 2004). The *Hemphill* inquiry asked (1) whether the administrative remedies were available to the inmate; (2) whether defendants' own actions inhibiting exhaustion estops them from raising the defense; and (3) whether "special circumstances" justify the inmate's failure to comply with the exhaustion requirement. *Id.*

The Supreme Court has now made clear that courts may not excuse a prisoner's failure to exhaust because of "special circumstances." *Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850, 1857 (June 6, 2016). "'[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion.'" *Riles v. Buchanan*, 656 F. App'x 577, 580 (2d Cir. 2016) (quoting *Ross*, __ U.S. at __, 136 S. Ct. at 1857). Although *Ross* has eliminated the "special circumstances" exception, the other two factors in *Hemphill* – availability and estoppel – are still valid. The court in *Ross* referred to "availability" as a "textual exception" to mandatory exhaustion, and "estoppel" has become one of the three factors in determining availability. *Ross*, __ U.S. at __, 136 S. Ct. at 1858. Courts evaluating whether an inmate has exhausted his or her administrative remedies must focus on whether those remedies were "available"

5

to the inmate. *Id; see also Riles*, 2016 WL 4572321 at *2.

### B.     Application

Defendants argue that plaintiff has failed to exhaust his administrative remedies because he failed to wait for the CORC's decision before he filed this action in federal court. Plaintiff's complaint outlines the steps that he took in an effort to exhaust his administrative remedies. (Compl. ¶ 9). Plaintiff states that he filed a grievance while at Marcy (MCY-24415-19) and ultimately obtained an unfavorable response on August 25, 2019. (*Id.*) Plaintiff states that, on August 26, 2019, he filed an appeal to Marcy's Superintendent from the Marcy Special Housing Unit ("SHU"). (*Id.*) Plaintiff then states:

> On September 16, 2019, after receiving no response from the Marcy Correctional Facility Superintendent, Plaintiff filed an appeal to the CORC by filing an appeal from the Fishkill Correctional Facility SHU (where he had been transferred two weeks before), and **has not received any response to date**.

(Compl. ¶ 9 at 3) (emphasis added).

In conjunction with their summary judgment motion, defendants have filed the declarations of David Debejian, the Deputy Superintendent of Programs ("DEP"), and former IGP Supervisor at Marcy and of Rachael Seguin, the Assistant Director of the IGP for the Department of Corrections and Community Supervision ("DOCCS"). (Debejian Decl.; Seguin Decl.) (Dkt. Nos. 23-3, 23-4). Each declarant has attached relevant exhibits to his or her declaration. (*Id.*)

DEP Debejian confirms that on July 13, 2019, plaintiff filed Grievance No. MCY-24425-19, alleging that defendant Snedeker assaulted him on July 2, 2019, and he

6

was subsequently denied inadequate medical care for the resulting injuries. (Debejian Decl. ¶ 16 & Ex. B). Because this grievance was considered a "harassment" grievance, it was forwarded to the Superintendent for initial determination. (Debejian Decl. ¶ 17). The Superintendent issued a decision, dated August 21, 2019, finding that there was "'insufficient evidence to support any malfeasance by staff.'" (Debejian Decl. ¶ 18). A copy of the Superintendent's determination is attached as Exhibit C to the declaration. (*Id.* Ex. C).

Plaintiff signed the appeal statement on August 26, 2019, and his appeal was forwarded to the CORC on August 30, 2019. (Debejian Decl. ¶¶ 19-20). A letter was sent to plaintiff confirming that his appeal was sent to the CORC, a copy of which has been attached to the declaration as Exhibit D. (Debejian Decl. ¶ 20 & Ex. D). The court notes that plaintiff was transferred out of Marcy on August 30, 2019. (*See* Debejian Decl. ¶ 13) (stating that plaintiff was incarcerated at Marcy between April 25, 2019 to August 30, 2019).

Assistant Director Seguin states that the CORC received plaintiff's appeal on September 13, 2019, and would have had thirty (30) days from the date of receipt to respond to the appeal. (Seguin Decl. ¶ 15, 16) (*See* 7 NYCRR § 701.5(d)(2)(ii)). A copy of the CORC records, reflecting receipt of the plaintiff's appeal is attached to the Seguin Declaration as Exhibit A. Plaintiff signed this federal complaint on October 1, 2019. (Compl. at p.11). The CORC's time to respond to plaintiff's appeal had not yet expired, and plaintiff concedes that he had not obtained a response from the CORC when he filed this action. (Compl. ¶ 9).

Plaintiff has apparently confused the facts relating to his appeals. In the

7

complaint, he states that the August 26th appeal was to the Superintendent of Marcy. (Compl. ¶ 9). However, the August 26th appeal was actually to the CORC.[1] The court notes that plaintiff was transferred to Fishkill on August 30, 2019, so he may not have received the August 30th letter telling him that his August 26th appeal was forwarded to the CORC on August 30th. It also appears that he was in SHU at both Marcy and Fishkill, perhaps contributing to any failure to receive the notice. In any event, plaintiff filed this action before the CORC's time to respond had expired, and he did not "complete" the administrative process.

It is clear that plaintiff must wait until the CORC issues a decision in his case, even if there is a delay in the CORC decision. *See Animashaun v. Afify*, No. 17-CV-6010(L), __ F. Supp. 3d __, 2020 WL 3580429, at *2 (W.D.N.Y. July 2, 2020) (citing inter alia, *Bowie v. Woodruff*, No. 18-CV-266, 2019 WL 7606078, at *5 (N.D.N.Y. Sept. 20, 2019) ("Bowie did not fully exhaust his administrative remedies prior to filing this lawsuit as CORC's decision was outstanding"); *Keitt v. NYS DOCCS*, No. 11-CV-855, 2017 WL 9471826, at *6 (W.D.N.Y. Jan. 4, 2017) (concluding that plaintiff's claims should be dismissed for failure to exhaust, where DOCCS issued decisions on his grievances after he filed suit)). This is true, absent a truly lengthy delay, which could be relevant to a determination of whether the remedy was "available" to the plaintiff.[2] *Id.*

---

[1] As stated above, harassment grievances bypass the IGRC and are sent directly to the Superintendent. Any appeal from the Superintendent's decision would be sent to the CORC. Plaintiff may have failed to realize that the first denial came from the Superintendent, and he could have believed that his August 26th appeal was to the Superintendent, which would also explain why he states that he appealed to the CORC after he was transferred, when he allegedly failed to receive an answer from the "Superintendent."

[2] As noted by the court in *Animashaun*, "there is a split of authority among district courts in this circuit concerning whether a delay by CORC in issuing a decision can constitute unavailability of a

8

Plaintiff has failed to respond to the defendants' motion for summary judgment and has not argued that the grievance process was "unavailable" to him when he commenced this action. Such an argument would likely fail because plaintiff filed this action before the CORC's time to respond had expired and while plaintiff was still in the custody of DOCCS. There was no lengthy delay in the CORC's response, and plaintiff was well aware of, and took advantage of, the proper procedures.[3] He merely filed this action prematurely. Thus, this court must recommend dismissal of the action based on plaintiff's failure to exhaust his administrative remedies.

Normally, the dismissal would be without prejudice to plaintiff re-filing the action after the CORC issued a decision on the appeal. 2020 WL 3580429, at *3 (citing *Brown v. Napoli*, 687 F. Supp. 2d 295, 298 (W.D.N.Y. 2009) ("the proper remedy where a prisoner has failed to satisfy the exhaustion requirement is to dismiss the complaint without prejudice, to give the inmate a chance to exhaust his administrative remedies and then refile his complaint.") However, plaintiff was released on February 20, 2020,[4] approximately four months after the CORC should have issued a decision in his case. An inmate's release after the commencement of the action does not eliminate

---

remedy, so as to excuse a plaintiff from strict compliance with the exhaustion requirement . . . ." 2020 WL 3580429, at *2, n.1 (citing *Houston v. Coveny*, No. 14-CV-6609, 2020 WL 2494439, at *3 (W.D.N.Y. May 14, 2020)). However, the court in *Animashaun* did not reach the issue, because, as in this case, "there had been no delay by CORC at the time plaintiff brought this action." *Id.* This court also need not address the issue because there was no delay in the CORC decision when plaintiff brought the action in federal court.

[3] As stated above, plaintiff's transfer and his confinement in SHU did not prevent him from filing his appeal with the CORC. As stated by Assistant Director Seguin, plaintiff appealed prior to his transfer, even though plaintiff seems to think that he appealed after his transfer. Thus, neither the transfer, nor the SHU confinement would contribute to a finding of unavailability in this case.

[4] According to the DOCCS Locator, plaintiff was released on February 20, 2020.

the exhaustion requirement, and in some cases, courts have dismissed a released inmate's action with prejudice because they were unable to exhaust their administrative remedies because they were no longer confined. *See, e.g., Ortiz v. Doldo*, No. No. 9:16-CV-0756 (GTS/CFH), 2018 WL 6438602, at *10 (N.D.N.Y. Oct. 19, 2018) (citing *Prescott v. Annets*, No. 09-CV-4435, 2010 WL 3020023, at *7-8 (S.D.N.Y. July 22, 2010) (finding dismissal with prejudice proper where a prisoner had ample opportunity to exhaust administrative remedies but can no longer do so because he is no longer incarcerated)), *report-recommendation adopted*, 2018 WL 6438602 (N.D.N.Y. Dec. 7, 2018); *Bennett v. Fletcher*, No. 9:17-CV-849 (GTS/CFH), 2020 WL 872491, at *7 (N.D.N.Y. Jan. 16, 2020) (citing cases), *report-recommendation adopted sub nom Bennett v. Jiguere*, 2020 WL 871156 (N.D.N.Y. Feb. 21, 2020).

However, in the cases cited above, the plaintiff failed, while still in custody, to file a grievance, to appeal the grievance, or to assert sufficient facts in the grievance process. *See Ortiz, supra*, 2018 WL 6438602, at *10 (plaintiff failed to fairly present his claims to the CORC); *Prescott v. Annets*, *supra* at *3 (plaintiff did not dispute his failure to exhaust); *Bennett, supra*, 2020 WL 872491, at *7 (there was no record of plaintiff ever appealing the grievance). In this case, plaintiff filed his appeal to the CORC, but was released prior to the CORC issuing its decision. Plaintiff did all that he could do in his attempt to exhaust his administrative remedies. If plaintiff had waited until he was released and filed this action, he would not have been subject to the exhaustion requirement. *Prescott v. Annets*, supra at *5-6. Assuming that the statute of limitations does not run, plaintiff would be able to file a new action, and argue either that he is no longer subject to the exhaustion requirement or that the CORC delay made any attempt

10

at exhaustion "unavailable."[5]  Thus, although the court must recommend dismissal because plaintiff filed this action prematurely before he exhausted his administrative remedies, I will recommend dismissal without prejudice to plaintiff re-filing the action and making any relevant arguments at that time.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the defendants' motion for summary judgment (Dkt. No. 23) be **GRANTED**, and the plaintiff's complaint be **DISMISSED IN ITS ENTIRETY**[6] **WITHOUT PREJUDICE FOR FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  These objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of HHS*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:  August 31, 2020

_____
Andrew T. Baxter
U.S. Magistrate Judge

---

[5] The court in *Prescott* denied the plaintiff's attempt to "amend" his complaint after his failure to exhaust before release, but did discuss the plaintiff's ability to file a "new action." 2010 WL 3020023, at *5 (citing inter alia *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999) (holding that litigants who file prison condition actions after release from confinement are no longer "prisoners," and therefore, need not satisfy the exhaustion requirements of this provision.) (other citations omitted).

[6] Even though only one defendant has been identified and served, the complaint must be dismissed in its entirety for failure to exhaust administrative remedies.