UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GREGORY MYERS,

                        Plaintiff,

-against-                                           9:19-CV-1233 (LEK/ATB)

R. SNEDEKER, *et al.*,

                        Defendants.

## DECISION AND ORDER

**I.    INTRODUCTION**

Pro se plaintiff Gregory Myers brings this action against Correction Officer Snedeker and various John Doe defendants, asserting Eighth Amendment claims arising out of Plaintiff's incarceration at Marcy Correctional Facility. Dkt. No. 1 ("Complaint"). In a Report-Recommendation issued on August 31, 2020, the Honorable Andrew T. Baxter, U.S. Magistrate Judge, granted Defendants' motion for summary judgment on exhaustion grounds, without prejudice to Plaintiff re-filing the action. Dkt. No. 27 ("Report-Recommendation"). For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

**II.    BACKGROUND**

The facts are detailed in the Report-Recommendation, familiarity with which is assumed. Neither party has filed any objections. Docket.

**III.    STANDARDS OF REVIEW**

    **A.  Report-Recommendation**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed

findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

### B. Summary Judgment

Federal Rule of Civil Procedure 56 instructs courts to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, while "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.; see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991) ("Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted.").

The party seeking summary judgment bears the burden of informing the court of the basis

for the motion and identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Similarly, a party is entitled to summary judgment when the nonmoving party has failed "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

### IV. DISCUSSION

As neither party has filed objections, the Court reviews the Report-Recommendation for clear error and finds none. As the magistrate judge noted, Plaintiff may re-file this action, raising the arguments pertaining to exhaustion that the magistrate judge identified.

### V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 27) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   February 19, 2021
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge